**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Titus L. PITTS, Defendant–Appellant.**

**No. 05–2111.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2005.*

Decided Dec. 13, 2005.

___

* After an examination of the briefs and the

record, we have concluded that oral argu-

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Brian P. Mullins, Federal Defender Services of Eastern Wisconsin, Inc., Milwaukee, WI, for Defendant–Appellant.

Before POSNER, WILLIAMS, and SYKES, Circuit Judges.

### ORDER

When Titus Pitts showed up to sell drugs to a confidential informant, he was arrested with a little more than 125 grams of cocaine. Pitts pleaded guilty to possession with intent to distribute the cocaine, *see* 21 U.S.C. § 841(a)(1). At sentencing the judge explained that he was applying the guidelines as advisory, and—in light of a 1997 federal conviction for distributing cocaine and a 1991 state conviction for armed robbery—sentenced Pitts as a "career offender," *see* U.S.S.G. § 4B1.1, to 180 months' imprisonment.

Now, Pitts asserts that his 15–year term of imprisonment violates the Sixth Amendment as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court applied the higher imprisonment range applicable to career offenders even though a jury did not find the fact of the underlying convictions beyond a reasonable doubt. But we have rejected this argument several times before. *See, e.g., United States v. Washington*, 417 F.3d 780, 788 (7th Cir.2005); *United States v. Pittman*, 418 F.3d 704, 709 (7th Cir.2005). As we explained in those cases, under *Almendarez–Torres v. United States*, 523

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the fact of a prior conviction is exempt from the rule that facts serving to increase a statutory maximum must be admitted or proved to a jury beyond a reasonable doubt. *Washington*, 417 F.3d at 788; *Pittman*, 418 F.3d at 709.

Indeed, Pitts' argument is doubly frivolous. He was sentenced under the advisory guidelines, and § 841(b) set the maximum sentence for his crime. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 750, 764, 160 L.Ed.2d 621 (2005); *United States v. Bryant*, 420 F.3d 652, 655–56 (7th Cir.2005). Even without the prior convictions, the maximum prison term was 20 years (30 with the 1997 conviction). *See* 21 U.S.C. § 841(b)(1)(C). Since Pitts got only 15 years, his prison term could not violate the Sixth Amendment even if *Almendarez–Torres* did not create an exception to *Apprendi* for prior convictions. *See United States v. Casas*, 425 F.3d 23, 66 n. 57 (1st Cir.2005); *Bryant*, 420 F.3d at 655–56.

AFFIRMED.

